GURLEY vs. THE STATE OF GEORGIA.

An ordinary has no power to grant a license to retail liquor for a less period than one year, and a license for four months will not protect the retailer from prosecution.

Criminal law. License. Before Judge LESTER. Lumpkin Superior Court. September Term, 1879.

Reported in the decision.

WIER BOYD; M. G. BOYD, by brief, for plaintiff in error.

THOS. F. GREER, solicitor-general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of misdemeanor, and charged with retailing spirituous liquors without license. On the trial of the case the jury, under the charge of the court, found the defendant guilty. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

It appears from the evidence in the record, that the defendant had obtained a license from the ordinary of Lumpkin county on the 10th of January, 1879, to retail spirituous liquors for four months from that date, for which he paid $8.33, and the only question insisted on here, was

whether that license would protect him against the charge contained in the indictment.    The 530th section of the Code declares that all licenses to retail spirituous liquors are for the term of one year, and the fee prescribed therefor is $25.00.    The 1419th section declares that persons, before obtaining license to retail spirituous liquors, must apply to the ordinary of the county in which they desire to retail, who have power to grant or refuse such application, and also provides for giving bond, taking an oath, etc., and also declares that licenses granted in any other way are void.    Construing these two sections of the Code together, as relating to the same subject matter, the ordinary had no authority to issue a license to retail spirituous liquors for any other term of time than that prescribed by law, to-wit., one year; and that being so, the four months' license, under which the defendant claimed protection, was issued without authority of law, and was void.    The policy of the statute, in requiring licenses to retail spirituous liquors to be granted for one year, may have been to prevent itinerant liquor dealers from disturbing religious and other meetings, by procuring a license for a short time, so as to enable them to pursue their traffic during such meetings, and then leave that locality.    But whatever may have been the object of the statute, we are content to maintain and enforce it as we find it.    But it may be said that the defendant did not intend to violate the law, and did not know that he was doing so.    The reply is that the seventh section of the Code declares that " Laws after promulgation are obligatory upon all inhabitants of this state, and ignorance of the law excuses no one."

Let the judgment of the court below be affirmed.