52994. PRICE et al. v. THE STATE.

McMURRAY, Judge.

Defendants appeal their conviction of involuntary manslaughter and sentence of two years after denial of their joint motion for new trial, as amended. *Held:*

1. The evidence shows that a husband and wife had had marital difficulties, and the husband had moved in with a female friend, the victim. The wife (one of the defendants), who was pregnant, asked her two brothers (one of whom is the other defendant) and her sister-in-law to take her over to see her husband at the mobile home of the victim. During this visit the defendant wife was involved in a fight with the victim during which she grabbed the victim's hair and pulled it, slamming her against a table and wall. The husband, holding the victim, sought to prevent his wife from pulling the hair of the victim, and the brother (the other defendant) allegedly grabbed the defendant (sister-wife) around the wrists, ostensibly to get her to cease pulling the victim's hair. In addition to being pulled forward and being slung against a table and wall, the victim also fell to the floor when she was released. She was choking and gagging and became unconscious, and she may also have fallen from a couch thereafter where she was lying after the struggle. She was rushed to a hospital where she died of fatal internal injuries. The expert medical testimony was that the cause of her death was aspiration of blood (drowning) resulting from internal bleeding which could have resulted only from considerable trauma which could not have resulted from merely falling to the floor from the couch. Considerable bruises were found on her body and head.

While the injuries received would appear to have resulted from more force than the bizarre hair-pulling episode as to which all the witnesses and defendants have, more or less, told the same story from the witness stand,

nevertheless, the evidence is sufficient to support the verdict of guilty of involuntary manslaughter in the commission of an unlawful act which caused the death of a human being without any intention to do so, such unlawful act being other than a felony. The unlawful act could have been a simple battery rather than a felony. See Code § 26-1103 (a). There is no merit in any of the enumerations of error which concern the general grounds of the motion for new trial with reference to the sufficiency of the evidence.

The defendant brother contends there is not one scintilla of evidence that he did anything more than assist in separating the two fighting women. Yet there is sufficient evidence of a conspiracy in his going with the family group to the victim's trailer, hiding a truck to prevent the victim knowing they were there and other circumstances surrounding the bizarre death of the victim, there being evidence of considerably more force being used than that to which the witnesses testified.

2. At the beginning of the trial the district attorney moved to sever the case against the husband. The fourth enumeration of error is based upon alleged concealment of false testimony which was allegedly given by the husband witness after severance of his case and who thereafter obtained a nolle prosequi. The district attorney had advised this principal witness' counsel that he was going to call this defendant as a witness and that "he was going to nolle pross [sic] the case against him, because there was not enough evidence to sustain a conviction." Had defense counsel known of this understanding he would have had a right to show there had been a promise of immunity or favorable treatment to this witness and to comment on it during the trial. The fact that the district attorney had such an understanding with the principal witness' counsel was not disclosed until the motion for new trial was considered. Of course, the testimony of the witness was not necessarily shown to be false, since this witness may not have been aware of the understanding between the district attorney and his attorney at the time he testified. But in *Allen v. State,* 128 Ga. App. 361 (196 SE2d 660), where there is evidence of an understanding or agreement as to the future prosecution of an accomplice,

on whose testimony the state's case almost entirely depends, such evidence is relevant to this accomplice's credibility as a witness, and the jury is entitled to know of it; "the prosecutor has a duty to disclose it; and the failure to make this disclosure violates due process and requires the reversal of the conviction and a remand for new trial." We are bound by the ruling in the *Allen* case. This evidence was withheld from the jury, and the district attorney should have advised the court that he had decided to enter a nolle prosequi as to the accomplice who was his principal witness in this case. The fourth enumeration of error is therefore meritorious, requiring a new trial.

3. Enumeration of error No. 9 complains of a charge that slight evidence is sufficient corroboration of the accomplice to support a verdict because it fails to further state that it must be sufficient when considered with the other evidence to satisfy the jury beyond a reasonable doubt as to the defendant's guilt. It is noted that in *Chapman v. State,* 109 Ga. 157 (4) (34 SE 369), a charge that "slight evidence that the crime was committed by the defendant and identifying him with it will corroborate the accomplice and warrant a finding of guilty," should have also instructed the jury (see page 165), "that such corroboration, whether in their [jury] opinion slight or strong, considered in connection with the other evidence, should be sufficient to satisfy the jury of the guilt of the accused beyond a reasonable doubt." The jury should understand fully that it is a question for the jury to determine whether the evidence corroborating the accomplice's testimony, together with the other evidence, is sufficient to convince them beyond a reasonable doubt of the defendant's guilt. See *Evans v. State,* 222 Ga. 392, 395 (150 SE2d 240); *Birt v. State,* 236 Ga. 815 (2) (225 SE2d 248). This enumeration of error is likewise meritorious requiring a new trial.

4. All other enumerations of error are deemed abandoned and no further discussion of same is required.

*Judgment reversed. Quillian, P. J., and Marshall, J., concur.*

Argued November 3, 1976 — Decided February 21, 1977.

*Larsen & Lewis, Francis M. Lewis, W. W. Larsen, Jr.,* for appellants.
*Joseph H. Briley, District Attorney,* for appellee.