## 59293. COFER v. HAWTHORNE.

SMITH, Judge.

The Commissioner of the Georgia Department of Public Safety (Department) brings this discretionary appeal from the decision of the trial court overturning the Department's revocation of Hawthorne's driver's license. We reverse.

The Department notified Hawthorne on July 31, 1976 that he had been classified as an "habitual violator" under Code § 68B-308 and that his driver's license was being revoked for a period of five years. This classification was based upon the finding that Hawthorne had been convicted five times of driving under the influence of alcohol in the three years prior to the revocation of his license.

Approximately two years after the Department's initial determination, Hawthorne requested and was granted a departmental hearing for the review of his "habitual violator" status. At the hearing, Hawthorne contended that the cause for the revocation of his license had been "removed" and that he was therefore entitled to operate a motor vehicle. The Department rejected this contention and reaffirmed the five-year revocation period.

Hawthorne appealed this adverse ruling to the Thomas County Superior Court. The trial court found that " ... Hawthorne is a person of such character, habits and driving ability that it will be safe to grant him the privilege of driving a motor vehicle on the public roads of this State, and the cause of revocation of his driver's license has thereby been removed." On the basis of this finding the court ordered that ". . . Hawthorne, be permitted to make application for a new

driver's license before the Georgia Department of Public Safety, and, if [he] passes the Department's test of his ability and knowledge of the traffic laws of this State, the Department shall issue a new driver's license to Hawthorne authorizing him to operate a motor vehicle upon the roads of this State."

We reject the trial court's finding that the "cause" of appellee's habitual violator status has been removed. Code § 68B-308(b) provides in pertinent part: "As used in this section, 'habitual violator' means — any person who has been convicted in any of the United States: 1. Three or more times of: . . . (C) violating Chapter 68A-9 of Title 68A of the Georgia Code (Uniform Rules of the Road) or of a valid municipal or county ordinance substantially conforming to an offense in said Chapter 68A-9 . . ." Appellee's five convictions under Chapter 68A-9 within the last five years are the "cause" of his being declared an habitual violator. See *Weaver v. State,* 242 Ga. 8, 9 (247 SE2d 749) (1978); Code § 68B-308 (b) (1) (C). Since the Department has notified appellee of his habitual violator status pursuant to Code § 68B-308 (a), it is "unlawful for said habitual violator to operate a motor vehicle in this State." Code § 68B-308 (a). Appellee is not "eligible to apply for a new license . . . until: 1. Five years from the date on which the revoked license was surrendered to and received by the department pursuant to [his] having been declared an habitual violator under the provisions of section 68B-308 . . ." Code § 68B-310 (a).

Although appellee's status as an habitual violator arises from his criminal convictions under Chapter 68A-9, the revocation of his license pursuant to Code §§ 68B-308 and 68B-310 (a) (1) is clearly not a criminal sentence. The provisions of Code §§ 27-2502 and 27-2709, which authorize a trial court to suspend or probate a determinate criminal sentence (see *Jones v. State,* 154 Ga. App. 581) (1980), and the holding of the Georgia Supreme Court in *Knight v. State,* 243 Ga. 770, 775 (257 SE2d 182) (1979), which recognizes the authority of a trial court to suspend or probate a sentence imposed under Code § 27-2511 (conviction of second offense), are therefore inapplicable to the instant case.

Code § 68B-310 (a) (1) prescribes a mandatory five-year revocation period for habitual violators. The fact that appellee "is a person of such character, habits and driving ability that it will be safe to grant him the privilege of driving a motor vehicle on the roads of this State" does not mean that he is no longer an habitual violator. Inasmuch as five years have not passed since appellee's revoked license was surrendered to the Department, he is not eligible to apply for a new license. The trial court erred in entering an order to the contrary.

*Judgment reversed. McMurray P. J., and Banke, J., concur.*

Argued January 17, 1980 — Decided June 16, 1980.

*Arthur K. Bolton, Attorney General, Russell N. Sewell Jr., Assistant Attorney General,* for appellant.
*T. Jack Morse,* for appellee.