## 65528. McCONNELL v. THE STATE.

BIRDSONG, Judge.

Bobby Lee McConnell was convicted at a bench trial of five counts of burglary and sentenced to concurrent terms of fifteen years, ten to serve, followed by five on probation. McConnell now brings this appeal enumerating seven alleged errors.

On the basis of the evidence presented to the trial court as trier of fact, the court was warranted in believing that on five separate occasions McConnell, together with one Willis, entered the private residences of citizens residing in Cherokee County. These burglaries all occurred within a limited geographical area and involved the same modus operandi, i. e., a breaking and entering generally during the daylight hours and the taking of gold and silver items including sterling flatware and silver service, some televisions, and gold or platinum jewelry including precious and semi-precious stones. These items were then transported by McConnell to a buyer of gold and silver in Cobb County who would pay cash based on the usable weight of gold and silver plus some payment for diamonds in excess of ten points in weight. The clerk at one such gold and silver dealer recognized McConnell as the person who had appeared at her place of business and sold her items of gold and silver. Records which had been prepared by her at the time of each sale reflected that McConnell had sold her items which fit the description of certain of the items of jewelry which had been reported as stolen by victims of one or more of the five burglaries.

McConnell's accomplice, Willis, made a statement to a police officer that of the (at least) eleven burglaries to which he had entered a plea of guilty, McConnell had participated in five. Subsequently at his own trial based on a voluntary plea of guilty, Willis in responding to questions relating to providency, implicated McConnell in the five burglaries which were the object of the five counts for which McConnell had been indicted. However, at McConnell's trial, while

Willis conceded the burglaries and that he had implicated McConnell, he insisted this implication was untrue and that McConnell had not participated as a party to any burglaries. Though McConnell allegedly had furnished transportation to Cobb County to allow Willis the opportunity to sell gold and silver to the metal dealer, Willis insisted that he alone had sold the stolen jewelry and silver, and McConnell was not aware of the purpose of the trips, i. e., to sell stolen goods. *Held:*

1. In his first enumeration McConnell contends the trial court erred in admitting Willis' prior oral statements implicating McConnell. The basis of this enumeration is that Willis' statements were all hearsay and, being used for impeachment by the state, should not have been admitted against McConnell as substantive evidence of guilt.

We reject each of these contentions. In *Gibbons v. State,* 248 Ga. 858, 863-864 (286 SE2d 717), the Supreme Court expanded the rule in this state dealing with admissions of prior inconsistent statements used for impeachment purposes so as to allow them to constitute substantive evidence of a defendant's guilt. In that case the impeached witness made statements to police officers which were highly incriminating to the defendant Gibbons. These were apparently voluntary admissions that Gibbons made to the witness in private conversations. At the trial the witness refused to admit having any such discussions with the police officers. The officers' rendition and version of the witness' statements were admitted as substantive evidence of Gibbons' guilt in spite of the fact that at trial the statements were denied and came only third hand through the police. This is closely related factually to the facts of this case. We conclude this first enumeration is governed and thus rendered meritless by the *Gibbons'* case, supra.

2. In his second enumeration McConnell complains the evidence was insufficient to corroborate the implicating statements of the accomplice Willis. It is the law of this state that slight evidence from an extraneous source identifying the accused as a participant in the alleged criminal acts is sufficient corroboration of the incriminating testimony of an accomplice to support a guilty verdict. *Evans v. State,* 78 Ga. 351. See *Birt v. State,* 236 Ga. 815, 826 (225 SE2d 248); *Felix v. State,* 143 Ga. App. 376, 377 (238 SE2d 734). Evidence that one of the victims partially surprised the burglars and heard voices of two or more men in her home (admittedly burglarized by Willis); that investigating officers at another burglary observed two men (who fled upon being sighted); that McConnell was personally involved in the sale of some of the stolen goods; that McConnell admitted driving Willis to the scenes of some of the

burglaries and to the selling place in Cobb County; and that the modus operandi of of the burglaries and their juxtapositions were similar, amply satisfy the demands of "slight" extraneous evidence. There is no merit to this enumeration.

3. McConnell contends the court erred in admitting over his "best evidence" objection photocopies of the documents prepared by the purchaser of the gold and silver items. The clerk identified the documents as regularly having been prepared by her at time of the purchase for her business records and for police notification. Thus the trial court was presented with evidence that the preparer of the documents verified their authenticity and the state offered evidence of non-availability of the originals. The question of inaccessability of primary evidence and diligence of the offering party is within the area of a discretionary power of the trial court and that functionary's exercise of that discretion will not be overturned in the absence of abuse. *Brooks v. State,* 63 Ga. App. 575, 576 (2) (11 SE2d 688). We find no abuse in this case. Nor do we find any error by the trial court in allowing the record as a form of business entry. OCGA § 24-3-14 (Code Ann. § 38-711) must be liberally interpreted and applied; *Bramblett v. State,* 139 Ga. App. 745, 749 (229 SE2d 484); *Pickett v. State,* 123 Ga. App. 1 (2) (179 SE2d 303). This evidence properly was admitted under the facts and circumstances of this case.

4. McConnell contends in his fourth enumeration the trial court erred in allowing the state to cross-examine its principal witness (Willis) without an affirmative showing of hostility or surprise. This is no longer the sine qua non for allowing the cross-examination of one's own witness. If a party has knowledge of a prior statement by the witness which contradicts the testimony the witness presently gives, the party has shown appropriate entrapment to entitle the impeachment of his witness by the use of the prior inconsistent statement, including the use of leading questions. OCGA § 24-9-81 (Code Ann. § 38-1801); *Davis v. State,* 249 Ga. 309, 314 (290 SE2d 273). Moreover, as previously indicated herein, the statement is admissible not only for purposes of impeachment but as original, substantive evidence, and as proof of the facts shown therein. *Ranger v. State,* 249 Ga. 315, 322 (290 SE2d 63). We find no merit in this enumeration.

5. McConnell next urges the trial court abandoned its role as impartial dispenser of justice by questioning witnesses and assuming the role of prosecutor. The transcript shows that much of the stolen property was irretrievably lost, having been melted down into gold and silver ingots. However, some had allegedly been thrown into woods and other inaccessible areas. One of the victims had expressed great hope in recovering as much of her property as was possible.

Thereafter the trial court in an obvious effort to locate any places where property might still be located, closely examined the admitted burglar Willis on this point. Other questions by the court were limited to clarifying obscure points of fact or in a search for the truth. We find no error in this humanitarian effort nor in the judicial search for the truth. *Thomas v. State,* 240 Ga. 393, 400 (242 SE2d 1); *Deese v. State,* 137 Ga. App. 476 (224 SE2d 124).

6. Appellant further urges the evidence did not exclude all reasonable explanations pointing to his innocence. He thus seeks to apply the rule denying guilt where guilt based solely on circumstantial evidence is not corroborated. *McConnell v. State,* 235 Ga. 366 (220 SE2d 5); *Jerdine v. State,* 137 Ga. App. 811, 812 (224 SE2d 803). We find no place for application of that rule in this case. There was direct evidence pointing to McConnell's participation and guilt. Thus the ultimate question and responsibility in this bench trial of weighing the evidence lay with the trier of fact as a question of fact rather than by resolution as a matter of law alone. *Estep v. State,* 154 Ga. App. 1 (267 SE2d 314). Our examination convinces us that on the basis of the evidence presented, any trier of fact could rationally find upon such evidence proof of guilt beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

7. In his final enumeration of error, McConnell argues the trial court erred in refusing to reconsider its verdict. This motion for reconsideration was based upon the same contentions we have considered and rejected hereinabove. Having found no error in any of those contentions, there was no error in the denial of the motion for reconsideration.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 14, 1983 —
REHEARING DENIED MAY 5, 1983 —

*Kipling Louise McVay,* for appellant.
*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.

