## 66275. WALLS v. THE STATE.

BIRDSONG, Judge.

Appellant Luther Gene Walls was declared to be an habitual violator by the Department of Public Safety. While administrative hearing on that offense was pending, Walls applied for and received a temporary driving permit and on May 14, 1981, was charged with driving under the influence and driving while being declared an habitual offender. He was subsequently tried and convicted of the latter offense and complains on appeal that the trial court erred prejudicially in admitting in evidence the "Notice of Revocation" which showed that appellant had been convicted of two DUI offenses and vehicular homicide. Appellant contends that under the case of *Hester v. State,* 159 Ga. App. 642, 644 (284 SE2d 659) proof or evidence of his prior driving offenses was irrelevant to the issue of whether he was driving after being declared an habitual violator. He contends the evidence was irrelevant and prejudicial because he admitted he had received notice of his habitual offender status. *Held:*

Generally the appellant's position is correct that evidence of the prior driving offenses is irrelevant to the offense of driving after being declared an habitual violator. *Hester,* supra. But even conceding error in this case, we find no reversible prejudice. The appellant, when arrested on May 14, 1981, produced both a permanent license which would expire in two more days and a temporary license which apparently was issued when he had applied for another permanent license with knowledge that he had been declared an habitual violator. Administrative lapses notwithstanding, the fact that appellant had obtained a driver's license did not give him permission to drive, in contravention of his habitual violator status (see OCGA § 40-5-58 (b) (f) (Code Ann. § 68B-308)). The law prohibits driving after having been declared an habitual violator (OCGA § 40-5-58 (b) (f) (Code Ann. § 68B-308)) and ignorance of that law is no excuse. Appellant admitted that he drove, and was arrested for driving under the influence, after being declared an habitual violator. Any error in showing his previous offenses could not have affected the verdict. It would be a perversion of justice to reverse this conviction. *Hamilton v. State,* 239 Ga. 72, 77 (235 SE2d 515).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JULY 1, 1983.

*Kenneth J. Vanderhoff, Jr.,* appellant.
*Rafe Banks III, District Attorney,* for appellee.