## 66777. JENNINGS v. THE STATE.

CARLEY, Judge.

Appellant was indicted for a violation of OCGA § 40-5-58 (c) (Code Ann. § 68B-308). That statute provides, in relevant part, that "it shall be unlawful for any person to operate any motor vehicle in this state after such person has received notice that his driver's license has been revoked as provided in subsection (b) of this Code section, if such person has not thereafter obtained a valid driver's license." Appellant was tried before a jury and a verdict of guilty was returned. Appellant's motion for new trial was denied and he appeals from the judgment of conviction and sentence entered on the verdict.

Appellant's sole enumeration of error concerns the admission of certain documentary evidence tendered by the state and admitted over appellant's objection. The document was denominated "Official Notice of Revocation" and was sent to appellant by the Department of Public Safety. The text of the "Official Notice" apprised appellant that he had been declared an habitual violator by the Department of Public Safety and of the consequences of that declaration. The document also listed the three traffic offenses which led to appellant's "being declared an Habitual Violater."

On appeal, appellant asserts that the "Official Notice" containing the list of his three prior traffic offenses was inadmissible for two reasons. First, it is urged that the document was irrelevant because "the state was not required to prove the previous convictions which led to his being declared an habitual violator. [Cit.]" *Bollen v. State,* 155 Ga. App. 181 (2) (270 SE2d 227) (1980). Second, appellant contends that the document impermissibly put his character in issue because the offense for which he was being tried was "separate and distinct from the offenses which led to [his] being declared a habitual violator. [Cits.]" *Smith v. State,* 248 Ga. 828, 830 (3) (286 SE2d 709) (1982).

These objections to the admissibility of the document were not raised in the trial court. Our review of the transcript demonstrates that the hearsay objection that was raised in the trial court was properly overruled. *Todd v. State,* 163 Ga. App. 814, 815 (2) (294 SE2d 714) (1982). The objections of irrelevancy and of impermissible introduction of character, not having been raised below, will not be considered on appeal. See *Huff v. State,* 141 Ga. App. 66, 67 (2) (232 SE2d 403) (1977). Since the objections now urged were not preserved, the instant appeal presents nothing for review.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 4, 1984.

*M. Dale English,* for appellant.
*Lew S. Barrow, District Attorney, Robert B. Ellis, Jr., Assistant District Attorney,* for appellee.