### 67679. CODY v. THE STATE.

POPE, Judge.
George Cody was convicted of operating a motor vehicle after having been declared a habitual violator (Count I) and driving under the influence of alcohol (Count II). He was sentenced under Count I to five years, to serve two, and under Count II to one year to be served concurrently with the sentence imposed under Count I. He brings this appeal following the trial court's denial of his motion for new trial.
The issue presented for resolution by this appeal is whether appellant, at the time he committed the subject unlawful acts, was in fact a habitual violator so as to subject him to the felony punishment of OCGA § 40-5-58 (c). Construed in a light most favorable to the verdicts, the record shows that appellant was intoxicated while driving his automobile on January 27, 1983 when he struck and severely injured a pedestrian who was walking along a sidewalk in southwest Atlanta. At that time, appellant did not have a driver's license, his

having been revoked for five years on January 23, 1978 upon being declared a habitual violator. On January 28, 1983 (the day after the incident), appellant received a letter from the Department of Public Safety (dated January 24, 1983) stating that the five-year revocation period had expired. The letter directed that before appellant's license could be reinstated, he would first have to comply with the provisions of OCGA § 40-5-62 (b).

The thrust of appellant's arguments on appeal is that he could not be convicted of a felony pursuant to OCGA § 40-5-58 because his status as a habitual violator had expired a few days before the subject incident. This contention is contrary to the plain meaning of the statute. OCGA § 40-5-58 (c) provides that "it shall be unlawful for any person to operate any motor vehicle . . . after such person has received notice that his driver's license has been revoked [upon being declared a habitual violator], *if such person has not thereafter obtained a valid driver's license.* Any person declared to be an habitual violator and whose driver's license has been revoked under this Code section and who is thereafter convicted of operating a motor vehicle while his license is so revoked may be punished by confinement in the penitentiary not less than one nor more than five years." (Emphasis supplied.) Thus, after notification of habitual violator status, it is "henceforth" (OCGA § 40-5-58 (b)) unlawful to operate a motor vehicle while the revocation is in effect. Although appellant was eligible to apply for a new license under OCGA § 40-5-62 (a) (1), which he did on January 28, 1983, until he did so his status remained that of a habitual violator. *Kimbrell v. State,* 164 Ga. App. 344 (1) (296 SE2d 206) (1982). The evidence of record shows that appellant had not obtained a valid driver's license at the time of the subject incident. Therefore, his habitual violator status was still in effect at that time, and his conviction and sentence under OCGA § 40-5-58 (c) were proper. *Kimbrell v. State,* supra.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 19, 1984.

*William A. Wehunt,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Thomas W. Hayes, Assistant District Attorneys,* for appellee.