## 69639. MORRIS v. THE STATE.
(327 SE2d 792)

POPE, Judge.

After a trial by jury, appellant was convicted of the offense of armed robbery.

1. Appellant contends that his character was improperly placed in evidence through a State's witness' testimony referring to appellant's probation officer. However, such objection was not raised at trial and this is acknowledged by brief of appellate counsel. This enu-

meration, thus, presents nothing for review on appeal. See *Edwards v. State*, 171 Ga. App. 264 (2) (319 SE2d 101) (1984); *Jennings v. State*, 169 Ga. App. 421 (312 SE2d 877) (1984).

2. Appellant contends that his wife, Mollie Elaine Morris, was compelled to testify against him at trial in violation of OCGA § 24-9-23. In connection with the incident giving rise to the charge upon which appellant was tried and convicted, Mrs. Morris pled guilty and received a probated sentence. One condition of her probation was that she testify truthfully at the trial of this case. We note that the record shows that Mrs. Morris was informed by the trial court of her right not to testify against her husband, appellant herein, and that she was also advised of this by her own attorney who was present at trial with her. With knowledge of her privilege to refuse to testify either for or against her husband, Mrs. Morris chose to testify. A more exhaustive examination of this issue is, however, unnecessary as it is pretermitted by the fact that the privilege urged by appellant under OCGA § 24-9-23 "belongs to the spouse whose testimony is sought to be elicited, rather than the spouse who is on trial. [Cits.] The policy of [OCGA § 24-9-23] is not to offer protection to the defendant, but to give regard to feelings of family harmony and promote marital unity." *Young v. State*, 232 Ga. 285, 287 (206 SE2d 439) (1974). Appellant, therefore, lacks standing to raise the issue complained of in this enumeration. See *Stanley v. State*, 240 Ga. 341 (6) (241 SE2d 173) (1977); *Corn v. Zant*, 708 F2d 549, 565 (11th Cir. 1983). See also *Ballard v. State*, 252 Ga. 53 (2) (311 SE2d 453) (1984).

3. Appellant enumerates as error the State's failure to disclose to the jury that it had made a deal with a witness, Mrs. Morris. By this, appellant refers to Mrs. Morris' negotiated plea of guilty to the offenses of hindering the apprehension of a criminal and theft by receiving stolen property for which she received a six-year probated sentence. As stated previously, a condition of her probation was to testify truthfully at the trial of appellant's case.

In support of this enumeration, appellant relies upon the holding in *Allen v. State*, 128 Ga. App. 361 (196 SE2d 660) (1973), which interpreted *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972), to mean that "evidence of any understanding or agreement as to future prosecution of an accomplice, on whose testimony the [S]tate's case almost entirely depends, is relevant to his credibility; the jury is entitled to know of it; the prosecutor has a duty to disclose it; and the failure to make this disclosure violates due process and requires the reversal of the conviction and a remand for a new trial." *Allen v. State*, supra at 363-364. The State argues that Mrs. Morris' previously negotiated plea was not a *future* prosecution within the meaning of *Allen* and *Giglio* and that the condition of her probation requiring her truthful testimony in appellant's case was not

a part of the negotiations, but was added by the trial court following the negotiations. Notwithstanding these assertions, under the facts of this case and in keeping with the spirit of *Allen*, the better practice would have been the State's disclosure to the jury. However, no grounds for reversal of appellant's conviction are presented by the State's failure to do so. First, the State's case did not "almost entirely depend" upon Mrs. Morris' testimony. See generally *Echols v. State*, 231 Ga. 633 (1) (203 SE2d 165) (1974). Moreover, "[i]n order for there to be a reversal, . . . there must be evidence that such information existed at or before trial, *and that such information was actually withheld*." (Emphasis supplied.) *Potts v. State*, 241 Ga. 67, 70 (243 SE2d 510) (1978). Here, although the disclosure to the jury was not fully effected by the State, counsel for appellant thoroughly and completely cross-examined Mrs. Morris on the circumstances of her negotiated plea and resulting probation. The entire issue was presented to the jury for use as a factor in the determination of her credibility. Since the jury was made aware of Mrs. Morris' negotiated plea and the circumstances surrounding it, we refuse to say that the requirements of due process have not been satisfied. *Williams v. State*, 151 Ga. App. 683 (5) (261 SE2d 430) (1979). See also *Harbin v. State*, 165 Ga. App. 631 (2) (302 SE2d 386) (1983); *Cauley v. State*, 130 Ga. App. 278 (2g) (203 SE2d 239) (1973). Cf. *Price v. State*, 141 Ga. App. 335 (2) (233 SE2d 462) (1977).

4. Appellant's final enumeration of error alleges the State's improper attempts to impeach its witness, Mrs. Morris, by introducing prior contradictory statements made in response to questioning by investigating Detective Smith of the Rome Police Department. Appellant argues on appeal that the State did not produce any writing to show that Mrs. Morris made any of the statements, nor was any testimony presented to prove the statements were made. The issue raised herein is essentially that raised in *Brown v. State*, 250 Ga. 862 (4) (302 SE2d 347) (1983), to wit: "whether the witness may be questioned concerning the prior statement without any necessity for introducing the statement into evidence or eliciting testimony from a second witness as to the substance of the inconsistent statement or at least its existence." Testimony produced before Mrs. Morris testified established that on the day after the armed robbery, Mrs. Morris was arrested and transported to the police station. Once there, she was interviewed by a number of officers. As a result of this interview, appellant was found in a room in a nearby motel and arrested pursuant to a warrant. At trial, Mrs. Morris stated that she did not know nor had her husband told her, how he came into possession of any amount of money he deposited into her pocketbook shortly after the armed robbery was committed. The prosecutor then asked her if she remembered talking to Detective Smith about the incident at the po-

lice station on the day following the robbery. She replied that she remembered talking to a lot of people about the incident. The prosecutor then asked: "And do you recall this question that he asked you back in that interview?" Appellant's counsel then objected before the question could be propounded to her, because the State had not shown to whom the statement had been made during the interview or whether the statement had been made under oath. A discussion was then held at the bench wherein the prosecutor stated that he planned to show her prior inconsistent statements made to Detective Smith for impeachment of Mrs. Morris. Because the requirements of surprise had been eliminated, the prosecutor told the trial court that he only need lay a proper foundation. The trial court stated that the prosecutor would be allowed to do so whereupon counsel for appellant expressed a desire to examine Mrs. Morris as to the voluntariness of her statement. The State resumed questioning of Mrs. Morris wherein she reiterated her lack of knowledge as to the source of the money placed in her pocketbook by appellant. Then the State began questioning her again regarding certain answers to questions asked of her by Detective Smith at the Rome Police Department on the day following the robbery. Mrs. Morris answered that she did not remember either the questions or her answers. Counsel for appellant cross-examined her at length and also had her on re-cross. After the colloquy at the bench ended and for the duration of the State's questioning of Mrs. Morris as to her prior inconsistent statements, counsel for appellant raised no objection.

"A witness may be impeached by prior contradictory statements to matters relevant to his testimony and to the case; before the contradictory statements may be admitted against him the time, place, person and circumstances attending the former statement *shall be called to his mind* with as much certainty as possible. OCGA § 24-9-83." *Harden v. State*, 166 Ga. App. 536, 537 (304 SE2d 456) (1983). While we believe the requirements of the statute were fulfilled, as in *Brown v. State*, supra, we need not specifically address the issue common to both cases. When the conference at the bench relating to appellant's objection was concluded and "the court allowed the leading questions [of Mrs. Morris] without any further foundation, there was no specific objection by defense counsel which would have enabled the court to avoid a future problem by requiring additional foundation." *Brown v. State*, supra at 866. Moreover, we find unpersuasive appellant's argument that, under the present law, Mrs. Morris' prior inconsistent statements may be considered by the jury as substantive evidence. See *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982). See also *McConnell v. State*, 166 Ga. App. 530 (1) (304 SE2d 733) (1983). The trial court's charge to the jury included no reference to the consideration of such contradictory statements as substantive evi-

dence. Instead, the charge contained a complete and thorough explanation of their permissible consideration for purposes of impeachment only. This enumeration of error presents no basis for reversal.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 5, 1985 — 

*Harold N. Wollstein*, for appellant.

*F. Larry Salmon, District Attorney, T. Russell McClelland III, Assistant District Attorney*, for appellee.