## 69917. GOBLET v. THE STATE.

(331 SE2d 56)

CARLEY, Judge.

Appellant was indicted for driving after receipt of notice that his license had been revoked because he was an habitual violator. OCGA § 40-5-58 (c). He was tried before the trial court sitting without a jury and found guilty. Appellant's motion for new trial was denied and he appeals.

1. Appellant's first attack on his conviction is predicated upon the following language of OCGA § 40-5-58 (c): "it shall be unlawful for any person to operate any motor vehicle in this state after such person has received notice that his driver's license has been revoked [because he has been declared an habitual violator], . . . *if such person has not thereafter obtained a valid driver's license.*" (Emphasis supplied.) Appellant asserts that the evidence adduced at his trial was insufficient to demonstrate that the South Carolina license in his possession at the time of his arrest was not a "valid" license. Thus, according to appellant, the State failed to prove his violation of the habitual violator statute.

"The State of Georgia considers dangerous, negligent, and incompetent drivers to be a direct and immediate threat to the welfare and safety of the general public, and it is in the best interests of the citizens of Georgia immediately to remove such drivers from the highways of this state." OCGA § 40-5-57 (a). To this end, OCGA § 40-5-58 mandates that those who have been declared to be habitual violators are prohibited from operating motor vehicles in Georgia. " 'The very essence of the crime is driving after being declared a[n] habitual violator . . .' [Cits.]" *Kimbrell v. State*, 164 Ga. App. 344, 346 (296 SE2d 206) (1982). OCGA § 40-5-62 (a) (1) "prescribes a mandatory five-year revocation period for habitual violators." *Cofer v. Hawthorne*, 154 Ga. App. 875, 876 (270 SE2d 84) (1980). "This does not mean that exactly five years thereafter the violator may begin driving motor vehicles on the highways of this state, but only that on that date he may apply for a license. . . ." *Kimbrell v. State*, supra at 345. See also *Cody v. State*, 170 Ga. App. 712 (318 SE2d 503) (1984). The specific issue presented for resolution in the instant case is whether, once an individual has been declared an habitual violator, he may thereafter avoid prosecution for driving a motor vehicle in this State if he merely has in his possession an ostensibly valid license from another state.

"The habitual violator statute must be given a construction which will, if possible, reconcile its various provisions. [Cits.]" *Kimbrell v. State*, supra at 345. OCGA § 40-5-65 provides: "Any resident or nonresident whose driver's license or privilege to operate a motor vehicle in this state has been suspended or revoked as provided in this chapter shall not operate a motor vehicle in this state under a

license or permit issued by any other jurisdiction or otherwise during such suspension or after such revocation *until the license is restored when and as permitted under this chapter.*" (Emphasis supplied.) The legislative intent as to habitual violators is obvious: regardless of possession of a driver's license from any other state, one who has had his Georgia driver's license revoked by the Department of Public Safety can legally thereafter operate a vehicle in Georgia only if the Department reauthorizes him to do so "after the expiration of the applicable period of time prescribed in this chapter." OCGA § 40-5-1 (10). Thus, one who has been properly notified that he has been declared an habitual violator by this State can thereafter lose that status and drive in Georgia only after the passage of five years *and*, pursuant to his application, the Department of Public Safety has determined "that it will be safe to grant [him] the privilege of driving a motor vehicle on the public highways." OCGA § 40-5-62 (b). Therefore, under the applicable statutory provisions, regardless of the issuing jurisdiction, the "valid driver's license" referred to in OCGA § 40-5-58 (c) can only be one which is in the possession of a former habitual violator whose privilege to operate a motor vehicle in this state has been restored by the Department of Public Safety. See *Walls v. State*, 167 Ga. App. 276 (306 SE2d 371) (1983).

Accordingly, the validity or invalidity vel non of appellant's South Carolina license was irrelevant. All that was relevant was whether appellant had operated a vehicle in Georgia after having been declared an habitual violator and before having his driving privilege restored by the Department of Public Safety. There is no assertion that the evidence in this regard was insufficient. The general grounds are therefore without merit.

2. Appellant's remaining enumeration of error need not be addressed.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1985.

*Thomas F. Jarriel*, for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.