## 69904. PRESCOTT v. THE STATE.
(333 SE2d 8)

McMURRAY, Presiding Judge.

The defendant Prescott was indicted for burglary along with Pat Prickett, Larry Prickett, Andy Prickett and Robert Albea. The Pricketts and Albea pleaded guilty prior to trial and the defendant was tried, convicted and sentenced to eight years imprisonment. The court denied the defendant's motion for new trial and he now appeals. *Held:*

1. In his first enumeration of error the defendant argues that the trial court erred in not granting him a new trial because the district attorney's office failed to reveal to the jury and the court that three of the co-defendants, Pat Prickett, Larry Prickett and Andy Prickett, had been promised a favorable sentence by the State in exchange for their testimony against the defendant. The defendant's argument is based on *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104). "Under *Giglio*, the state is under a duty to reveal any agreement with a witness, even an informal one." *Owens v. State*, 251 Ga. 313, 315 (1) (305 SE2d 102). See *Morris v. State*, 173 Ga. App. 663 (327 SE2d 792).

At the hearing on the defendant's motion for new trial, evidence was presented on plea negotiations between Wallace Pilcher, counsel for the Pricketts and Albea, and William H. McClain, the assistant district attorney. Mr. McClain testified that: "Mr. Pilcher and I discussed a possible plea, but we did not have a plea agreement prior to trial." Mr. Pilcher testified that he reached an "informal agreement" with the assistant district attorney to the effect that his clients would receive: "sixty days straight time and a fine, and some fairly long period of probation." Mr. Pilcher also testified that he informed his clients of this agreement. However, at trial the Pricketts testified that they had not entered into an agreement with the State in exchange for their testimony and they had no idea what their sentence was going to be.

After hearing the above evidence, the trial court denied the defendant's motion for new trial, which implies a finding that no agreement existed. See *Owens v. State*, 251 Ga. 313, 315 (1), supra. This conclusion is supported by the fact that there is no evidence to show that Mr. Pilcher accepted the State's offer during the plea-negotia-

tions or prior to trial. The assistant district attorney testified that he attempted to contact Mr. Pilcher to "conclude a plea agreement" but was unable to reach him prior to trial. Mr. McClain testified "the first time that I actually knew that Mr. Pilcher's clients were going to plead guilty was the day the case was called for trial . . ." Finally, Mr. Pilcher testified that even if there were no plea agreement between his clients and the State, the Pricketts would have probably still testified because "those boys were out to get [the defendant]." From these facts, "[w]e cannot say that there was an undisclosed agreement and therefore we find no due process violation under *Brady* [*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)] and *Giglio* for failure to disclose by the prosecutor." *Owens v. State*, 251 Ga. 313, 315 (1), supra.

2. In further support of his first enumeration of error the defendant cites *Davis v. Alaska*, 415 U. S. 308 (94 SC 1105, 39 LE2d 347), and *Hines v. State*, 249 Ga. 257 (290 SE2d 911). These cases " 'interpret the Confrontation Clause of the Sixth Amendment, as applicable to the states through the Due Process Clause of the Fourteenth Amendment, as guaranteeing the defendant in a criminal trial both the general right to cross-examine witnesses against him and the more specific right to cross-examine a key state's witness concerning pending criminal charges against the witness.' *Hines v. State*, supra at 259." *Owens v. State*, 251 Ga. 313, 316 (1), supra. After an examination of the record we find no evidence to indicate that the trial court limited the cross-examination of the State's witness by the defendant.

3. In his second enumeration of error the defendant contends that the evidence was insufficient to support the jury's verdict. The evidence shows that the testimony of Pat Prickett, Larry Prickett and Andy Prickett, which implicated the defendant, was corroborated by the testimony of Robert Albea, whose testimony is unchallenged in this appeal. From this and other evidence presented at trial we find the evidence was sufficient to enable a rational trier of fact to find the defendant guilty of the offense of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Abney v. State*, 173 Ga. App. 486 (326 SE2d 595); *Fordham v. State*, 254 Ga. 59 (1) (325 SE2d 755).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 12, 1985.

*Michael J. Moses*, for appellant.
*Richard A. Malone, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.