64182. SEARCY v. THE STATE.

SHULMAN, Presiding Judge.

The indictment in this case charged appellant with four counts of theft by receiving stolen property. Three of the four counts alleged the felony level of the offense in that each involved the receipt of a stolen firearm valued in excess of $200. After a trial by jury, appellant was convicted of two of the felony counts and sentenced to three years (one to serve and two on probation). He enumerates as error the trial court's denial of his motions for directed verdict and new trial based on the general grounds.

1. Appellant's argument that there was insufficient evidence to support the verdict is without merit. Appellant admitted receipt and disposition of the two firearms upon which his convictions were based. Although he testified that he had no knowledge they had been stolen, the jury could have inferred from the circumstances of the case that he should have known that the property had been stolen. Code Ann. § 26-1806. While proof of possession of recently stolen property alone does not authorize an inference that the purchaser received it with knowledge that it was stolen, "[u]nexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge." *Curry v. State,* 144 Ga. App. 129, 130 (240 SE2d 280). In this case, appellant testified that he received the firearms from his brother-in-law with no explanation as to their origin. Based on all of the facts adduced at trial, any rational trier of fact could have concluded that appellant was guilty beyond a reasonable doubt as to the two counts upon which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The evidence does not, however, support a conviction of the *felony* of theft by receiving stolen property. Code Ann. § 26-1812

provided, at the time of the offense in this case, for punishment of theft by receiving as a misdemeanor unless the value of the property exceeded $200. The only testimony even hinting at the value of the two firearms upon which the convictions were based came from appellant and a witness who admitted stealing the weapons. The latter witness stated that he was sure the rifles were collectively worth more than $200, but that he had no idea as to their actual value. Appellant stated, in substance, that he loaned one of the rifles to his nephew, who expressed an interest in purchasing the weapon. Appellant testified that he replied that the rifle "would cost him at least $175 or $200 to buy it." There was no testimony that appellant was familiar with the value of that rifle. Appellant was also impeached with a statement in which he purportedly offered to sell the other rifle for $100, although at trial he refused to admit ever making the offer. Again, there was no testimony that appellant was familiar with the value of that firearm. That testimony is totally insufficient to establish that the value of the received property was in excess of $200. See *Gamble v. State,* 160 Ga. App. 556 (287 SE2d 593); *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782). "However, the evidence authorized a finding that the [property] was of some value which will authorize a conviction of theft by [receiving stolen property] and sentencing as for a misdemeanor under Code [Ann. §§ 26-1806] and 26-1812, respectively." *Dotson v. State,* 144 Ga. App. 113, 114 (240 SE2d 238). Accordingly, we affirm the conviction of theft by receiving stolen property of some value but direct that appellant's sentence be vacated and that he be resentenced for a misdemeanor.

*Judgment affirmed with direction. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*David Whittenburg,* for appellant.
*Wallace Rogers, Assistant District Attorney,* for appellee.