452 So.2d 508 (1984)
Ex parte Ervin EDWARDS.
(Re: Ervin EDWARDS v. STATE).
83-351.
Supreme Court of Alabama.
June 1, 1984.
*509 Merceria L. Ludgood of Figures & Ludgood, Mobile, for petitioner.
Charles A. Graddick, Atty. Gen., and Thomas R. Allison, Asst. Atty. Gen., for respondent.
BEATTY, Justice.
This case is before us for a second time. The petitioner, Ervin Edwards, was convicted of capital murder in the Circuit Court of Mobile County. This Court reversed and remanded the case to the Court of Criminal Appeals on the ground that the evidence was insufficient to sustain the conviction. We concluded, however, that there was sufficient evidence to support a conviction of first degree manslaughter. Ex parte Ervin Edwards, 452 So.2d 503 (Ala.1983). The Court of Criminal Appeals reversed and remanded with instructions to the trial court for entry of judgment on the lesser included offense and for proper sentencing. Edwards v. State, 452 So.2d 506 (Ala.Cr. App.1983). On December 12, 1983, Ervin Edwards was sentenced to 10 years' imprisonment for manslaughter in the first degree, and it was ordered that he be given credit for 4 years, 3 months, and 27 days spent in jail.
Petitioner seeks review, claiming that his Fifth Amendment right to be free from double jeopardy was violated when the Court of Criminal Appeals remanded his case following the reversal of his capital murder conviction. He bases this claim on the fact that the ground cited for the reversal was insufficient evidence to support the verdict. We hold that the double jeopardy clause was not violated and affirm.
The petitioner first contends that his case should have been reversed and rendered by the Court of Criminal Appeals, citing Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Coleman v. State, 373 So.2d 1254 (Ala.Crim. App.1979); and Watkins v. State, 389 So.2d 186 (Ala.Crim.App.1980). He argues that these cases stand for the proposition that, after a finding of insufficient evidence to sustain a conviction, remanding the case for a new trial would violate the double jeopardy clause. Applying this rule to the present facts, petitioner contends that because the case was sent back he was exposed to successive prosecutions for the same criminal conduct. Further, he says, when the trial court was allowed to resentence him, the State was given, in effect, a "second bite at the apple."
After carefully considering petitioner's arguments, we conclude that the Court of Criminal Appeals correctly relied on the Seventh Circuit's interpretation of Burks in Dickenson v. Israel, 644 F.2d 308 (7th Cir. 1981). The circumstances in Dickenson are similar to those in the present case. There was insufficient evidence to support a conviction for armed robbery. The court found, however, that there was sufficient evidence to support a conviction for a lesser degree of robbery. The case was remanded to the trial court, judgment was entered on the lesser included offense, and the defendant was resentenced accordingly. In Dickenson, the jury had been instructed on the elements of armed robbery and the lesser included charge of robbery. In the present case, the jury was properly charged on the lesser included offense of manslaughter.
The trial court's opinion, reported as Dickenson v. Israel, 482 F.Supp. 1223 (E.D.Wis.1980), was adopted as the opinion *510 of the Seventh Circuit, and the following authority was cited in support of its decision:
"State and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of judgment on a lesser-included offense. See, e.g., United States v. Cobb, 558 F.2d 486, 489 (8th Cir.1977); Austin v. United States, 127 U.S.App.D.C. 180, 191-192, 382 F.2d 129, 140-142 (D.C.Cir.1967); Luitze v. State, 204 Wis. 78, 234 N.W. 382 (1931). The usual situation in which this occurs is when there is insufficient evidence to support one of the elements of an offense. A court may be reluctant to overturn an entire conviction when there is ample evidence to support a lesser-included charge which does not contain the insufficiently proven element. The authority to order the entry of judgment on the lesser-included offense is both statutory, see, e.g. 28 U.S.C. § 2016, and based on the common law. The constitutionality of the practice has never seriously been questioned." 482 F.Supp. at 1225.
The trial court in Dickenson went on to distinguish the Burks case, and the Seventh Circuit, in affirming, reasoned that the jury had found the existence of every element of the lesser-included offense by returning a verdict on the higher degree.
In the present case, the Court of Criminal Appeals found further support for its decision in finding that:
"The same type of procedure approved by the Seventh Circuit is followed by most state courts that have faced the issue. See Searcy v. State, 163 Ga.App. 528, 295 S.E.2d 227 (1982) [Evidence was insufficient to support a conviction on two felony counts of theft by receiving stolen property, but sufficient to sustain a misdemeanor chargethe proper remedy was to remand to the trial court for proper sentencing under the lesser-included offense.]; Beasley v. State, 394 So.2d 201 (Fla.App.1981) [Evidence was insufficient to support a conviction of grand theft, but sufficient to sustain the lesser-included offense of petty theft the case was remanded for proper sentencing on the lesser-included offense.]; State v. Byrd, 385 So.2d 248 (La.1980) (wherein the Supreme Court noted that ordering entry of judgment of guilty on lesser-included offense accords with overwhelming treatment of problem by other jurisdictions); State v. Coston [182 Conn. 430] 438 A.2d 701 (1980); State v. Plakke [31 Wash.App. 262] 639 P.2d 796 (1982)."
We further conclude that the Court of Criminal Appeals was correct in finding that Coleman, supra, and Watkins, supra, are not controlling in this case. That court stated that "[t]hese two Alabama cases deal with whether a defendant may be retried after a finding of insufficient evidence; they do not specifically address the issue of remanding the case for proper sentencing."
For the reasons stated, the judgment of the Court of Criminal Appeals is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and EMBRY, JJ., concur.
JONES, ALMON, SHORES and ADAMS, JJ., dissent.
JONES, Justice.
I respectfully dissent. I do not disagree with the majority's holding that Petitioner is not entitled to go free on a double jeopardy plea. I also agree that Coleman, Watkins, and Burks, cited in the majority opinion, are not applicable. My disagreement is with the Court of Criminal Appeals' instruction on remand to the trial court for entry of a judgment of guilty on the lesser included offense of manslaughter.
In my opinion, it is faulty reasoning to conclude, as a matter of law, that, because the jury found the Defendant guilty of the greater offense, it necessarily would have found him guilty of the lesser offense if the trial court had not erroneously submitted the greater offense to the jury. *511 Such reasoning overlooks the dynamics of the factfinding process. The jury has been instructed that the evidence is sufficient to support a conviction for capital murder; i.e., that the State has met its burden as to all of the elements of the higher crime. On appeal, the judgment of conviction for capital murder is reversed on the grounds of insufficient evidence, but the Court opines that the evidence is sufficient as to the lesser crime of manslaughter. Therefore, reasons the Court, the trial court, without a retrial on the lesser offense, can accept the revised judgment as a conviction of the Defendant for the lesser crime and sentence him accordingly.
While this may make some kind of sense on paper, and it may accord with judicial economy, its application is as faulty as a $3 bill. This Defendant has never been found guilty of manslaughter. No jury has even considered an indictment charging the Defendant only with the offense of first degree manslaughter or its lesser included offenses. The Defendant's right to a fair triala right guaranteed under our State Constitutionhas been judicially determined to have been denied under the capital murder indictment; yet, he is now about to be sentenced for manslaughter without having had a fair trial, or, in a real sense, without a trial at all. In order to sentence this Defendant, the trial judge must enter a judgment of convictiona judgment in the absence of a jury verdict.
Perhaps the strongest practical reason for rejecting those cases relied upon by the majority for not giving the Defendant a new trial on the lesser charge relates to the Defendant's right to a defense. Defendant's counsel was forced to represent the Defendant under the law of the case as determined by the trial court. The trial court determined, erroneously, that the evidence was sufficient to warrant the jury's finding the Defendant guilty of capital murder. Defendant's counsel was defending his client against capital murdernot against manslaughter. Surely, the most critical observer would agree that good sound trial strategy may well have included an admission of the lesser offense as a defense against the greater offense (How very few defendants so charged are so lucky?). So, in a real sense, he has not been afforded a defense as to the only crime supported by the evidence.
In conclusion, there comes to mind a complete analogy on the civil law side: Plaintiff, claiming a stipulated amount of compensatory damages and a contested amount of punitive damages, charges the defendant with negligence and wantonness, with the defense of contributory negligence being neither pleaded nor proved. The jury returns a special verdict based on wantonness. On appeal, the judgment is set aside for insufficient evidence, but the reviewing court finds ample evidence of negligence. The defendant gets a new trial on the issue of negligence, not a mandate on remand for the entry of a money judgment for the lesser stipulated amount. Why? Because this jury returned a verdict without supporting evidence; and no jury has yet returned a verdict supported by evidence. Should not policy considerations dictate even a stronger case for the criminally accused?
ADAMS, J., concurs.
ADAMS, Justice (dissenting).
I dissent. Petitioner, in his brief to this court, made only one argumentthat he should be released because we decided on the original hearing of this case that the defendant had been convicted and sentenced to death on insufficient evidence. In support of this argument, petitioner cited the Supreme Court case of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and two Alabama cases following Burks, namely, Coleman v. State, 373 So.2d 1254 (Ala.Crim.App.1979), and Watkins v. State, 389 So.2d 186 (Ala. Crim.App.1980). After reading petitioner's brief and the state's brief, I was reasonably convinced that the principle set forth in Burks, namely, that the United States constitutional prohibition against double jeopardy attaches where the appellate court reverses because of a total insufficiency *512 of the evidence, was not applicable to the facts in this case. I am still of that opinion. However, on oral argument, petitioner did not make that precise double jeopardy argument, but argued a corollary to that argument, namely, that fairness and justice dictated under the facts in this case that petitioner was, in the very least, entitled to have his case retried on the charge of manslaughter. After all, we had said in our per curiam opinion that although the evidence was insufficient to sustain a conviction under the charge in the indictment, it was sufficient to sustain a conviction of the lesser included crime of manslaughter. Petitioner posits the argument that although the trial court instructed the jury on the lesser included offense of manslaughter, in conformity with Beck v. State, 396 So.2d 645 (Ala.1980), he has not really had a jury to pass on the sufficiency of the facts to sustain a conviction of manslaughter.
It is petitioner's argument that he should have a retrial before a new jury on an indictment charging manslaughter that I find persuasive and which provokes my dissent. In taking the position that I do, I recognize that the federal decisions in this area are substantially in accord with the view that in a case such as this, the proper procedure to be followed by the appellate court is to remand the case to the trial court for resentencing under an indictment compatible with the evidence that was adduced in the trial. Dickenson v. Israel, 482 F.Supp. 1223, 1225 (E.D.Wis.1980); United States v. Cobb, 558 F.2d 486, 489 (8th Cir.1977); Austin v. United States, 127 U.S.App.D.C. 180, 191-192, 382 F.2d 129, 140-142 (D.C.Cir.1967). Some states, likewise, have taken a similar position. However, Alabama has not before spoken on this subject. We are not bound by federal decisions, and certainly not other state court decisions, if we desire to give greater rights to our citizens.
The federal decisions rationalize the appellate court's reversal of a lower court's decision for insufficiency of evidence and the direction to enter judgment on the lesser included offense without a new jury trial on the premise that the first jury, by convicting defendant of the higher offense, must, of necessity, have convicted him of the lower offense. Such reasoning simply ignores the real world of litigation. The defendant in this case was charged with a violation of Code 1975, § 13-11-2(a)(5). This section provides for the death penalty for the following offense:
(5) The murder of any police officer, sheriff, deputy, state trooper or police officer of any kind, or prison or jail guard while such prison or jail guard is on duty or because of some official or job related act or performance of such officer or guard.
Under the facts in this case, the police officer sought to arrest defendant without a warrant for a misdemeanor that was not committed in his presence. The defendant asked the police officer for his warrant, which he had a right to do, but the police officer could not produce it. He then attempted to incarcerate the defendant, and the defendant resisted. Under our laws, the police officer was making an illegal arrest. He should have had a warrant to arrest the defendant for a misdemeanor not committed in his presence. Under the facts in this case, the defendant had a limited right to resist the arrest.
When the officer attempted to incarcerate defendant, a scuffle ensued and in a scramble of the two to get the officer's gun, the officer was killed. We held that the evidence was insufficient in this case because not only did the state have to prove that the police officer was on duty (a point made much of by the Court of Criminal Appeals), but it also had to prove at least that the actions of the defendant amounted to murder in the second degree. Because there was no evidence showing malice, the conviction of the above-stated crime had to be overturned because of insufficient evidence.
Now my long years of experience as a trial lawyer lead me to conclude that the jury trying the defendant in this case simply did not consider the lesser included *513 offense of manslaughter on which we said there was sufficient evidence to sustain a conviction. Once they had determined that there was sufficient evidence to sustain a conviction of the higher offense, there was no need for them to consider going to the lower offense. Although we said that there was sufficient evidence to convict the defendant of manslaughter, in my opinion, there was also evidence upon which a jury could have acquitted the defendant of manslaughter. But here, we have a case where the jury, in my opinion, only considered the greater offense, and yet, the lower court is allowed to enter, without a trial, a judgment for the maximum sentence for a crime which the jury did not consider.
Although such a procedure obviously provides for judicial economy, it does not accord to our citizens the fairness which our constitution and laws require. Nothing can be more sacred in our jurisprudence than the right to a trial by one's peers. Since the passage of the Jury Selection Act, 1978 Ala.Acts (codified at Code 1975, § 12-16-65, et seq.), we have made great progress toward making our juries representative. Although there is authority for an appellate court's reversing with directions to enter a specific judgment, the usual order in a reversal case is "reversed and remanded for a new trial not inconsistent with this opinion."[1] Furthermore, what harm, other than the expense of a new trial, would be wrought if the defendant is indicted on manslaughter and retried? Certainly, if he is truly guilty of manslaughter, as the state contends he is, a new jury would have no difficulty in coming to this conclusion. On the other hand, if there is not an open and shut case of manslaughter, and if there is some doubt about his culpability, fairness dictates that he should be entitled to be heard by a jury of his peers. Such a procedure would be more in line with our usual concept of justice.
JONES and SHORES, JJ., concur.
NOTES
[1] § 12-22-242 "Reversal of judgment. If the judgment is reversed, the appellate court may order a new trial or that the defendant be discharged or that he be held in custody until discharged by due course of law or make such other order as the case may require." (Emphasis added.)