## 73123. CONNELLY v. THE STATE.

(351 SE2d 702)

BANKE, Chief Judge.

Following a non-jury trial, the appellant was found guilty of the felony offense of operating a motor vehicle after receiving notice that his driver's license had been revoked pursuant to the habitual violator statute. See OCGA § 40-5-58. He was sentenced, as a recidivist, to five years imprisonment. On appeal, he contends that the "Official Notice of Revocation" sent to him by the Department of Public Safety pursuant to OCGA § 40-5-58 (b) to advise him of his habitual violator status was deficient in that it led him to believe that such status would automatically expire five years from the date specified on the notice. Although it is uncontroverted that the appellant was operating a motor vehicle without a valid driver's license at the time of his arrest, that arrest occurred more than seven years from the date specified on the notice.

The actual language of the notice was as follows: "You are hereby notified that as of this date you have been declared an Habitual Violator of the laws relating to motor vehicles and traffic pursuant to The Driver's Licensing Act (Ga. Code 68B-308) and that henceforth it shall be unlawful for you to operate a motor vehicle in the State of Georgia. *Your license and privilege to operate a motor vehicle in this state is revoked for a period of five (5) years from May 8, 1978.* If you should be convicted of operating a motor vehicle while your license is under revocation as provided herein, you are subject to be punished by confinement in the penitentiary for not less than one nor more than five years, and no portion of the sentence may be suspended, rebated (sic) or probated. . . ." (Emphasis supplied.) *Held*:

OCGA § 40-5-58 (c) (formerly Code Ann. § 68B-308 (c)) unambiguously specifies that "it shall be unlawful for any person to operate any motor vehicle in this state after such person has received notice that his driver's license has been revoked as provided in subsection (b) of this Code section, *if such person has not thereafter obtained a valid driver's license.*" (Emphasis supplied.) Thus, the law quite clearly does not provide that immediately upon the expiration of the 5-year revocation period "the violator may begin driving motor vehicles on the highways of this state, but only that on that date he may apply for a license. . . ." *Kimbrell v. State*, 164 Ga. App. 344, 345 (296 SE2d 206) (1982). See also *Goblet v. State*, 174 Ga. App. 675, 676 (331 SE2d 56) (1985).

It is axiomatic that "[e]veryone is presumed to know the law and ignorance thereof is not an excuse for its violation." *Martin v. State*, 160 Ga. App. 275, 277 (287 SE2d 244) (1981). See also OCGA § 1-3-6. Thus, the mere fact that the appellant may have been ignorant of the continued existence of his habitual violator status and the resultant

consequences of driving without a valid license after the expiration of the 5-year period did not, in and of itself, afford him any defense to the felony charge of which he was convicted. Accord *Walls v. State,* 167 Ga. App. 276 (306 SE2d 371) (1983). However, the appellant does not complain merely that the notice sent to him by the department left him ignorant as to the precise duration of his habitual violator status. Rather, he complains that the notice was actively misleading in this regard.

Compliance by the department with the notification requirement set forth in OCGA § 40-5-58 (b) involves more than a mere convenience to the offender. Such notification is an "essential element" of the offense of driving after having been declared an habitual violator. See *Hester v. State,* 159 Ga. App. 642, 644 (284 SE2d 659) (1981).

Generally speaking, a notice or decision issued by an administrative agency purporting to subject a person or persons to a penalty will be considered invalid "unless it is sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to the penalty." 73A CJS 121, Public Administrative Law & Procedure, § 148 (a). Moreover, the United States Supreme Court has ruled that, consistent with constitutional due process, "[a] State may not issue commands to its citizens, under criminal sanctions, in language so vague and undefined as to afford no fair warning of what conduct might transgress them." *Raley v. Ohio,* 360 U. S. 423, 438 (79 SC 1257, 3 LE2d 1344, 1355) (1959). The Court held in *Raley* that, notwithstanding the presumption that everyone knows the law, the State of Ohio could not impose criminal sanctions on a witness for refusing to testify before a state investigative commission, where members of the commission had actively misled him to believe he would not be subject to such sanctions for such refusal.

We must agree with the appellant that the notice relied on by the state in this case to establish the "essential element" of notification was actively misleading insofar as it specified that the appellant's exposure to felony sanctions for operating a motor vehicle without a valid driver's license would last only five years. Because the conduct for which the appellant was on trial occurred outside the 5-year period specified in the notice, we must consequently hold that the notice was ineffective to support the imposition of a felony sentence in this case. Compare *People v. Shaver,* 630 P2d 600 (Colo. 1981) (holding that the mere failure to warn a motorist that he could be convicted of a felony for driving during the 5-year period of revocation did not result in a violation of his due process rights).

There was, however, nothing in the notice which could reasonably have misled the appellant into believing that he would be exempt, upon the expiration of the 5-year period, from the requirement of obtaining a valid driver's license. See OCGA § 40-5-20 (a). When en-

gaged in by one who does not occupy the status of an habitual violator, the act of driving a motor vehicle on the highways of this state without a valid driver's license constitutes a misdemeanor. See OCGA §§ 40-5-20 (a); 40-5-120 (7). Because the evidence was clearly sufficient to support a conviction of this lesser included offense, the case is accordingly remanded for resentencing for imposition of misdemeanor punishment. Cf. *Searcy v. State*, 163 Ga. App. 528, 529 (295 SE2d 227) (1982).

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 2, 1986 —
REHEARING DENIED DECEMBER 12, 1986 —

*Steve Bennett*, for appellant.
*Stephen F. Lanier, District Attorney, Danny W. Crabbe, Assistant District Attorney*, for appellee.