A06A0212. GILLESPIE v. THE STATE.
(633 SE2d 632)

RUFFIN, Chief Judge.

Following a bench trial, the court found Victor Gillespie guilty of one count of simple battery and one count of simple assault. Since Gillespie was charged under the family violence provision of OCGA § 16-5-23 (f), the misdemeanor battery offense was "of a high and aggravated nature." On appeal, Gillespie contends the evidence is insufficient to establish his guilt on the battery charge as the State failed to prove the existence of a familial relationship between himself and the victim. In a related argument, Gillespie contends

that the trial court erred in sentencing him for having committed such offense. As we agree that the State failed to prove that the offense was an act of family violence, we must vacate the trial court's judgment.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] Viewed in this manner, the evidence shows that on July 4, 2004, Victoria Bellow saw Gillespie kissing another woman. Bellow testified that, at this time, she and Gillespie had been dating approximately three and a half weeks. Bellow approached the woman to speak to her, and Gillespie grabbed Bellow by her face and shoved her away. Bellow then told the woman that she was "with" Gillespie, and the woman left.

Later that day, Bellow was walking near a park when Gillespie confronted her. According to Bellow, Gillespie called her a "bitch" and threatened to kill her. Gillespie either slapped or punched Bellow in the face, and then he grabbed her by the neck and threw her into traffic, causing her to be hit by a pickup truck. At the trial, which took place on August 11, 2004 — less than a month and a half after the incident — the trial court was still able to observe bruising on Bellow's body, which she attributed to being struck by the pickup truck.

Gillespie was subsequently arrested and charged with two counts of simple battery and one count of simple assault. The trial court found him guilty of one count each of simple battery and simple assault.[2] On appeal, Gillespie challenges only his conviction for simple battery under OCGA § 16-5-23 (f), asserting that the State failed to prove the requisite relationship under the statute.

OCGA § 16-5-23 (f) provides, in relevant part, that "[i]f the offense of simple battery is committed between . . . persons who are parents of the same child . . . the defendant shall be punished for a misdemeanor of a high and aggravated nature." Although Gillespie was charged under this Code section, the State failed to elicit any testimony that would support a finding of such familial relationship. On cross-examination, however, Bellow testified that the day of the incident, she discovered that she was pregnant with Gillespie's child. But Bellow testified that she was not pregnant at the time of the trial, stating merely that the baby was "gone." According to Gillespie, under these circumstances, he and Bellow were not "parents of the same child" for purposes of the statute.

---

[1] See *Griffin v. State*, 262 Ga. App. 87 (1) (585 SE2d 145) (2003).

[2] The trial court found Gillespie not guilty of one count of simple battery.

It does not appear that Georgia courts have yet addressed what constitutes a "child" for the purposes of this statute. Thus, we must now consider whether the legislature intended for the family violence provision of the simple battery statute to encompass persons in a relationship such as Bellow's and Gillespie's. In resolving this, we are mindful that "[c]riminal statutes must be interpreted strictly against the State, and where the language in a criminal statute is ambiguous, it must be construed in favor of the defendant."[3] Moreover,

> the cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law. All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts.[4]

Here, the statute applies to "spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons excluding siblings living or formerly living in the same household." It is evident from the language employed that the legislature intended the statute to encompass some specie of familial-type relationship. Construed favorably to Gillespie — as we must construe the statute — OCGA § 16-5-23 (f) does not appear to cover the type of relationship he shared with Bellow, a woman he apparently had sexual relations with but did not know was pregnant.[5]

Under the circumstances of this case, the fact that Bellow was pregnant does not alter the result. Although we are aware of no Georgia law on point, we note that Georgia does not recognize a cause of action for the death of a fetus until there has been a "quickening."[6] "While the law does not designate a definite time in a pregnancy when

---

[3] (Punctuation omitted.) *Blackmon v. State*, 266 Ga. App. 877, 879 (598 SE2d 542) (2004).

[4] (Punctuation omitted.) Id.

[5] The State contends that Gillespie and Bellow had dated closer to four months, pointing to a question posed by Gillespie's counsel to Bellow, asking "[d]o you remember telling me last week that . . . you guys had been dating for four months before this incident?" However, Bellow denied having made such statement.

[6] See *Citron v. Ghaffari*, 246 Ga. App. 826, 827-828 (1) (542 SE2d 555) (2000); OCGA § 16-5-80.

quickening occurs, prior decisions have noted that quickening generally occurs sometime between the tenth week and the fourth month of pregnancy."[7] Bellow's testimony suggests that she was, at most, a few weeks into her pregnancy, and that she "lost" the child.[8] It is reasonable to conclude that such a recently conceived fetus should not be considered a "child" under OCGA § 16-5-23 (f).[9] Accordingly, we agree with Gillespie that the trial court erred in finding him guilty and sentencing him for the offense of simple battery under this subsection.

There are those, however, who might read the statute much more broadly. Under one interpretation, even if a pregnancy resulted from a single indiscretion between veritable strangers, the mere fact of pregnancy would be sufficient to create a "family" relationship for purposes of enhanced punishment. The statute, however, requires more. "The doctrine of expressio unius est exclusio alterius means that when particular things are enumerated in a statute, things not mentioned are excluded from application of the statute."[10] Here, the legislature could have included sexual partners on its list of persons who constitute "family" for purposes of family violence. It did not do so. The statute, by its express language, applies to certain familial relations and to persons who live together or formerly lived together. Bellow and Gillespie do not enjoy any of the familial relationships listed, and the State failed to present *any* evidence that Bellow and Gillespie lived together or even shared a roof for a single night. Under these circumstances, the State simply failed to meet its burden of proof.

On appeal, Gillespie does not challenge the fact that he committed the offense of simple battery; merely that it did not constitute family violence. And "[b]ecause the evidence was clearly sufficient to support a conviction of this lesser . . . offense, the case is accordingly remanded for resentencing for imposition of [appropriate] punishment."[11]

---

[7] *Citron*, supra at 828.

[8] There is no indication in the record that the miscarriage stemmed from the battery. Indeed, given Bellow's equivocal testimony and the short amount of time between the discovery of the pregnancy and the nonexistence of the pregnancy, Bellow may not have been pregnant at all.

[9] In so holding, we do not suggest that a pregnant woman would never fall under the ambit of the family violence provision; simply that a pregnancy of merely a few weeks – unknown to the father – is not sufficient to constitute a familial relationship absent other evidence regarding the nature and duration of the relationship.

[10] *Long v. State*, 271 Ga. App. 565, 569 (2) (610 SE2d 74) (2004).

[11] See *Connelly v. State*, 181 Ga. App. 261, 263 (351 SE2d 702) (1986); see also *Searcy v. State*, 163 Ga. App. 528, 528-529 (2) (295 SE2d 227) (1982).

*Judgment vacated in part and case remanded for resentencing in accordance with this opinion. Andrews, P. J., and Phipps, J., concur. Johnson, P. J., Smith, P. J., and Bernes, J., concur specially. Barnes, J., concurs fully and specially.*

BARNES, Judge, concurring fully and specially.

Although I concur fully in the majority opinion, I write separately to express my view on why Gillespie's conduct, while unlawful, did not fall within the conduct punished by OCGA § 16-5-23 (f). This Code section provides that

[i]f the offense of simple battery is committed between past or present spouses, *persons who are parents of the same child,* parents and children, stepparents and stepchildren, foster parents and foster children, or other persons excluding siblings living or formerly living in the same household, the defendant shall be punished for a misdemeanor of a high and aggravated nature. In no event shall this subsection be applicable to corporal punishment administered by a parent or guardian to a child or administered by a person acting in loco parentis.

(Emphasis supplied.) Under the rule of construction of noscitur a sociis the meaning of a word is or may be known from accompanying words. *Mott v. Central R.*, 70 Ga. 680, 683 (1883). In my view, the essential thing here is the relationship, not mere parentage.[12] The categories of people set forth in the Code section consist of those who have a connection to each other, i.e., something that binds them temporarily or permanently. Thus, the fact that the victim was temporarily pregnant without Gillespie's knowledge does not create the nature of relationship intended in the Code section.

BERNES, Judge, concurring specially.

I agree with the result reached in this case but not with the reasoning advanced by the majority. As noted by the majority, the issue in this case is one of statutory construction. "[O]ur legislature has indicated by specific language when it intends to include unborn

[12] The dictionaries are not much assistance. The American Heritage Dictionary says a "parent" is "[a] mother or father" and Black's Law Dictionary says a "parent" is "[t]he lawful father or mother of a person." Black's defines "mother" as "[a] woman who has borne a child. A female parent. The term includes maternity during prebirth period." According to Black's a "father" is "[a] male parent. He by whom a child is begotten. Natural father; procreator of a child." American Heritage says a "father" is "[t]he begetter of a child; male parent" and defines a "mother" as "[a] female parent." Also, OCGA § 19-8-1 (8) defines "parent" as "either the legal father or the legal mother of the child."

children within the contemplation of a criminal statute." *State v. Luster*, 204 Ga. App. 156, 157 (1) (a) (419 SE2d 32) (1992) (physical precedent only). In fact, just this year the General Assembly amended several statutes to bring unborn children within their purview and created several new crimes, including battery of an unborn child. See Ga. L. 2006, Act No. 654 (S.B. 77). Accordingly, we must presume that the General Assembly's failure to specifically refer to unborn children or pregnancy in the family violence simple battery provision was "a matter of considered choice." (Citation and punctuation omitted.) *Inland Paperboard & Packaging v. Ga. Dept. of Revenue*, 274 Ga. App. 101, 104 (616 SE2d 873) (2005). Indeed, subsection (c) of the same statute elevates punishment for "[a]ny person who commits the offense of simple battery . . . against a female who is pregnant at the time of the offense" to a misdemeanor of a high and aggravated nature. OCGA § 16-5-23 (c). "It is generally presumed that [the General Assembly] acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." (Citation and punctuation omitted.) *BFP v. Resolution Trust Corp.*, 511 U. S. 531, 537 (114 SC 1757, 128 LE2d 556) (1994). Therefore, I agree that the sentence in this case must be vacated.

I am authorized to state that Presiding Judge Johnson and Presiding Judge Smith join in this special concurrence.

DECIDED JULY 3, 2006.

*Ashleigh B. Merchant, Cynthia S. Griffin, Joshua G. Schiffer*, for appellant.

*Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General*, for appellee.