## A09A0840. JACKSON v. THE STATE.

(683 SE2d 60)

ELLINGTON, Judge.

Monroe Jackson appeals from the trial court's denial of his motion to vacate an illegal sentence. He argues that the court erred in ruling that he was required to register as a sexual offender under OCGA § 42-1-12 and, as a result, erred in ruling that his sentence for failing to register was authorized by law. For the following reasons, we agree and reverse the court's order.

The record shows that, in 1996, Jackson pled guilty to statutory rape and burglary charges and was sentenced to six years probation on each count, to run concurrently, pursuant to the provisions of the First Offender Act, OCGA § 42-8-60 et seq.[1] He completed his probation and was discharged without an adjudication of guilt in 2002. Before his discharge, he was informed that he had to register as a sexual offender under OCGA § 42-1-12[2] and that he had to periodically renew that registration.

In October 2006, the State indicted Jackson, alleging that he was required to register as a sexual offender under OCGA § 42-1-12 and that he had failed to comply with the statute's requirements. On January 23, 2007, he entered a guilty plea to the charge and was sentenced to ten years probation. On October 3, 2008, however, he filed a motion to vacate an illegal sentence, contending that he had successfully completed a first offender sentence for the statutory rape and burglary charges in 2002 and, therefore, was not required to register as a sexual offender in 2006. The court denied his motion, finding as a matter of law that "the fact that [Jackson] was discharged from the 1996 sentence did not exempt him from the registration requirements under the state sexual offender registry."

Jackson appeals, contending the court misconstrued the law and erred when it ruled that he was required to register as a sexual offender in 2006, even though he had been discharged from his first offender sentence without an adjudication of guilt. At issue is the proper interpretation and harmonization of portions of OCGA § 42-8-62, which provides for the probation and discharge of first offenders, and OCGA § 42-1-12, which requires certain individuals to register as sexual offenders. In addressing this issue, we are mindful that

> criminal statutes must be interpreted strictly against the State, and where the language in a criminal statute is

---

[1] See Division 1, infra.

[2] See Divisions 2 and 3, infra.

ambiguous, it must be construed in favor of the defendant. Moreover, the cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law. All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts.

(Punctuation and footnotes omitted.) *Gillespie v. State*, 280 Ga. App. 243, 245 (633 SE2d 632) (2006). Moreover, "it is an elementary rule of statutory construction that statutes in pari materia be construed together." (Citation omitted.) *Snyder v. State*, 283 Ga. 211, 214 (3) (657 SE2d 834) (2008) (statutes are "in pari materia" when they relate to the same subject matter). In addition, "the interpretation of a statute is a question of law, which we review de novo on appeal. . . . [B]ecause the trial court's ruling on a legal question is not due any deference, we apply the 'plain legal error' standard of review." (Citations and punctuation omitted.) *State of Ga. v. Howell*, 288 Ga. App. 176 (653 SE2d 330) (2007).

1. *The First Offender Statute.* OCGA § 42-8-62 (a) addresses the probation and discharge of defendants who have been sentenced as first offenders. The statute provides in relevant part:

Upon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, or upon release from confinement, the defendant shall be discharged without court adjudication of guilt. Except for the registration requirements under the state sexual offender registry [as provided in OCGA § 42-1-12] and except as otherwise provided in Code Section 42-8-63.1, the discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his or her civil rights or liberties; and the defendant shall not be considered to have a criminal conviction.

The first offender statute "provides the person who successfully completes his probation under [the statute's provisions] protection against the stigma of a criminal record." *Witcher v. Pender*, 260 Ga. 248, 249 (392 SE2d 6) (1990) (holding that evidence that a witness had previously pled guilty to a crime under the first offender statute was not admissible for the purpose of impeaching the witness by

showing him to have been convicted of a crime involving moral turpitude).

Thus, the plain language of the statute provides that, with certain exceptions,[3] once a first offender has been discharged without an adjudication of guilt, he or she stands completely exonerated and shall not be considered as having been convicted of a crime.

2. *The Sexual Offender Registration Requirement in General.* Under the relevant subsections of OCGA § 42-1-12, any individual who was *convicted* on or before June 30, 2001, of committing a sexual offense against a minor must register as a sexual offender. OCGA § 42-1-12 (a) (9) (A) (vii), (e) (1). OCGA § 42-1-12 (a) (8) defines "conviction" for the purpose of sexual offender registration as "a final judgment of conviction entered upon a verdict or finding of guilty of a crime, a plea of guilty, or a plea of nolo contendere." Thus, the plain language of this statute's definition of "conviction" does not include a discharge without an adjudication of guilt following the successful completion of a first offender sentence under OCGA § 42-8-62 (a).[4]

3. *The Sexual Offender Registration Requirement for First Offenders.* OCGA § 42-1-12 (a) (8) also addresses the registration requirements for first offenders who have committed certain sexual offenses, and specifically provides as follows:

A defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title,[5] relating to first offenders, *shall be subject to the registration requirements of this Code section for the period of time prior to the defendant's discharge after completion of his or her sentence or upon the defendant being adjudicated guilty.* Unless otherwise required by federal law, a defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article

---

[3] These exceptions are discussed in Division 4, infra.

[4] Even if the statute's definition of "conviction" was less clear, the discharge of a first offender still would not constitute a "conviction" for registration purposes once courts applied two well-known and related principles of statutory construction: expressio unius est exclusio alterius (the expression of one thing implies the exclusion of another) and expressum facit cessare tacitum (if some things are expressly mentioned, the inference is stronger that those not mentioned were intended to be excluded). See generally *Hammock v. State*, 277 Ga. 612, 615 (3) (592 SE2d 415) (2004); see also *Gillespie v. State*, 280 Ga. App. at 246 (a family violence statute, by its express language, applied to persons with certain familial relations and to persons who live together or formerly lived together; because the statute does not include within this group casual sexual partners who have never lived together, it did not apply to the defendant, who was charged with battering a woman whom he had dated briefly).

[5] Article 3, Chapter 8 of Title 42 includes OCGA § 42-8-62, the first offender statute.

3 of Chapter 8 of this title, relating to first offenders, *shall not be subject to the registration requirements of this Code section upon the defendant's discharge.*

(Emphasis supplied.)

Thus, OCGA § 42-1-12 (a) (8) clearly distinguishes between first offenders who have committed certain sexual crimes and who have not been discharged (in other words, those who have not completed their probations, who are still confined, or who have been adjudicated guilty) from first offenders who have been discharged: the former must register under the statute, but the latter do not have to register unless it is required by federal law.[6]

4. *Harmonizing the Statutes.* Despite the clear language of OCGA § 42-1-12 (a) (8), the trial court concluded that first offenders who have been discharged, such as Jackson, must register as sexual offenders indefinitely. In so concluding, the trial court cited to an exception in the first offender statute, OCGA § 42-8-62 (a). That exception states that a discharged first offender is completely exonerated and shall not be considered to have a criminal conviction "[e]xcept for the registration requirements under the state sexual offender registry [as provided in OCGA § 42-1-12]."[7] According to the trial court's interpretation and application of that exception, anyone who commits a sexual offense and then is discharged after completing his or her sentence as a first offender is *still* considered to have a criminal conviction under the sexual offender registration statute. Consequently, the court concluded that the offender must register as a sexual offender for the rest of his or her life, even though he or she has otherwise been exonerated. The court, however, misconstrued the exception at issue at the expense of the plain language of the sexual offender registration statute.

In stating that a discharged first offender is completely exonerated and shall not be considered to have a criminal conviction "[e]xcept for the registration requirements under the state sexual offender registry," OCGA § 42-8-62 (a) simply provides that, if the General Assembly imposes registration requirements for first offenders who have committed certain sexual offenses, those requirements, if any, will be addressed in the sexual offender registration statute, OCGA § 42-1-12, not in the First Offender Act.

---

[6] The State does not contend that federal law requires Jackson to register as a sexual offender.

[7] See Division 1, supra. The exception also includes the phrase "and except as otherwise provided in Code Section 42-8-63.1[.]" OCGA § 42-8-63.1 provides that evidence of a first offender discharge may be used to disqualify a person who has committed certain crimes from employment in schools, day care centers, nursing homes, and mental health facilities, as well as employment as a peace officer. That provision is not at issue in this case.

As shown in Division 2, supra, OCGA § 42-1-12 (a) (8) specifically defines a "conviction" in a manner that excludes first offenders who have been discharged without an adjudication of guilt. In addition, the statute clearly distinguishes between first offenders who have committed certain sexual offenses and who have been discharged without an adjudication of guilt from those who have not, providing that the latter are required to register while the former are not.

Thus, the trial court's interpretation of the statutes at issue as requiring all first offenders who have committed certain sexual offenses to register as sexual offenders for the rest of their lives renders the plain language of OCGA § 42-1-12 (a) (8) meaningless.

> We must seek to effectuate the intent of the legislature, OCGA § 1-3-1 (a), and to give each part of the statute meaning and avoid constructions that make some language mere surplusage. All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language.

(Citation and punctuation omitted.) *Anderson v. State*, 261 Ga. App. 716, 719 (583 SE2d 549) (2003).

Accordingly, we conclude that the trial court erred in finding that Jackson was required to register as a sexual offender after he was discharged without an adjudication of guilt under the First Offender Act. Consequently, the trial court erroneously denied Jackson's motion to vacate an illegal sentence, and its order is reversed.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 24, 2009.

*Amanda N. Steger*, for appellant.

*Kelly R. Burke, District Attorney, Joshua D. Morrison, Venita S. McCoy, Assistant District Attorneys*, for appellee.

