MILLER, Judge,
dissenting.
I respectfully dissent to the majority’s opinion because a trial court that has lawfully discharged a defendant from a sentence under the First Offender Act, resulting in that defendant’s complete exoneration, cannot subsequently reinstate the defendant’s probation. Although a trial judge has plenary power over its orders and judgments during the term of court in which they are entered,[26] when there is no error, there is nothing to correct, and a trial judge does not have authority to reinstate a defendant’s First Offender sentence, regardless of the term of court. Upon a trial judge’s review and exercise of his discretion to discharge a First Offender, the trial court no longer has any jurisdiction in the matter. The defendant’s constitutional rights have been restored, and the defendant no longer has a criminal record. If this were not the case, the defendant could be placed in double jeopardy, i.e., punished twice for the same crime, even though he did everything he was supposed to do under the terms of the First Offender Act and has relied on the trial court’s order discharging him.
The Supreme Court of Georgia has held that “[t]he underlying humanitarian purpose of the first offender statutes is to protect the first offender from the stigma of having a criminal record[.]” (Citations and punctuation omitted.) Davis v. State, 269 Ga. 276, 277 (2) (496 SE2d 699) (1998). This purpose cannot be overstated. The First Offender Act gives defendants a one-time opportunity for rehabilitation, and an opportunity to be gainfully employed after a criminal infraction with no record where the trial court determines that the defendant is worthy of such an opportunity. A probated sentence entered under this Act is preliminary only. Consequently, unlike other probated sentences, a defendant on First Offender probation “is not merely serving his sentence outside the confines of prison, but is serving a period on probation to determine whether or not [he] may be rehabilitated.” State v. Wiley, 233 Ga. 316, 318 (210 SE2d 790) *460 (1974). Where the defendant successfully fulfills the terms of his probation or is released by the trial court prior to the termination of the probationary period, the defendant’s felony criminal slate is wiped clean, and his civil rights and liberties are unaffected. See OCGA § 42-8-62 (a).
The First Offender Act pertinently provides:
Upon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, or upon release from confinement, the defendant shall be discharged without court adjudication of guilt. . . . [T]he discharge shall completely exonerate the defendant of any criminal purpose ... and the defendant shall not be considered to have a criminal conviction. . . .
(Emphasis supplied.) OCGA § 42-8-62 (a). “Where [as here] the language of a statute is plain and susceptible to only one natural and reasonable construction, [we] must construe the statute accordingly.” Luangkhot v. State, 292 Ga. 423, 424 (1) (736 SE2d 397) (2013).
[T]he plain language of [OCGA § 42-8-62 (a)] provides that, with certain exceptions [not applicable here], once a first offender has been discharged without an adjudication of guilt, he or she stands completely exonerated and shall not be considered as having been convicted of a crime.
(Footnote omitted.) Jackson v. State, 299 Ga. App. 356, 358 (1) (683 SE2d 60) (2009). Based on the plain language of OCGA § 42-8-62 (a), once Pestaña was discharged, he was completely exonerated. Consequently, regardless of the term of court, at this point the case was no longer pending before the trial court, and the trial court lacked authority to reconsider its ruling or enter any order in Pestana’s case.
In so holding, I reject the State’s argument and the majority’s opinion that the trial court retained jurisdiction because the petition for discharge was based on an inadvertent data error entered into a probation supervisor’s computer. At the hearing on the motion for reconsideration, the State argued that “the information that the individual who remains unknown entered into the computer for probation supervision purposes, indicated that [Pestana’s] conviction date was a conviction date of 2003[.]” The State did not support its argument with any documents, testimony or other factual evidence. Moreover, defense counsel specifically emphasized the lack of any supporting evidence by stating at the hearing that nothing presented to the trial court shows that there was a misrepresentation or clerical error.
*461 Decided July 16, 2014.
Kerry B. Morris, for appellant.
W. Jeffrey Langley, District Attorney, T. Buckley Levins, Assistant District Attorney, for appellee.
Contrary to the majority’s contention, Pestana’s discharge under the First Offender Act was lawful and not based on a patent error, or any error, in the discharge petition. Both the petition for discharge and the trial court’s order of discharge clearly state on their face that Pestaña was placed on probation on November 16, 2009 for a period of ten years. Moreover, the fact that the discharge petition was not expressly couched in terms of an early release, does not mean that the probation officer mistakenly believed that Pestaña had fulfilled the entire term of his probation. Rather the probation officer’s language that Pestaña fulfilled the terms of his probation merely reflects that he successfully complied with his probation conditions, which is ordinarily a prerequisite for obtaining an early discharge.
Here, the trial court conducted its own review of Pestana’s criminal record before entering the order discharging Pestaña without an adjudication of guilt. In discharging Pestaña, the trial court was well aware that he had served less than four years on probation, and the First Offender Act specifically authorizes early discharge when a defendant, such as Pestaña, has complied with the terms of his probation. SeeOCGA § 42-8-62 (a). Since there was no error in the discharge petition, there was nothing for the trial court to correct within the term of court.
Pestaña was given First Offender treatment, and his subsequent discharge shows that the First Offender Act served its purpose in this case. While I agree that notification of the victims prior to the early discharge of a First Offender’s probation is the best practice, neither the terms of Pestana’s First Offender probation, nor the First Offender Act required it. Pestana’s lawful early discharge in accordance with the First Offender Act restored his constitutional rights and completely exonerated him, so that going forward he would have no criminal record.
To decide this case as the majority suggests means that defendants, who have been discharged under the First Offender Act, can no longer rely on their discharge order. Accordingly, I would reverse the trial court’s order reinstating Pestana’s probation.
I am authorized to state that Chief Judge Phipps joins in this dissent.

 Hipp v. State, 293 Ga. 415, 416 (746 SE2d 95) (2013).